UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ENRIQUE GONZALEZ,

Petitioner,

v. CASE NO. 8:15-cv-2202-T-23MAP

SECRETARY, Department of Corrections,

Respondent.
_____________________________________/

**O R D E R**

Gonzalez petitions under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges his conviction for trafficking in cocaine, for which conviction Gonzalez is imprisoned for fifteen years. Several exhibits ("Respondent's Exhibit __") are attached to the response. (Doc. 5) The respondent admits the petition's timeliness. (Response at 4 Doc. 5)

A jury convicted Gonzalez of trafficking in 400 grams or more but less than 150 kilograms of cocaine. On direct appeal Gonzalez challenged the constitutionality of Section 893.101, Florida Statutes, which provides that knowledge of "the illicit nature of a controlled substance is not an element of any drug offense under [Chapter 893 but the l]ack of knowledge . . . is an affirmative defense . . . ."

Gonzalez's challenge on direct appeal was rejected in a *per curiam* decision without a written opinion. (Respondent's Exhibit B4)

Gonzalez timely filed a motion for post-conviction relief under Rule 3.850, Florida Rules of Criminal Procedure. Gonzalez alleged that trial counsel rendered ineffective assistance by not objecting to the jury instruction that shifted the burden of proof regarding the lack-of-knowledge requirement. (Respondent's Exhibit C1) The state post-conviction court denied relief. (Respondent's C4) Gonzalez unsuccessfully appealed the state court's denial of the Rule 3.850 motion. (Respondent's Exhibit C6) Gonzalez asserts in his Section 2254 application the same claims that the state courts rejected.

**STANDARD OF REVIEW**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. *Wilcox v. Florida Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000). Section 2254(d), which creates a highly deferential standard for federal court review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied–tthe state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States" or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. at 694. "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 131 S. Ct. 770, 786–87 (2011). *Accord Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the

objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide."). The phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. at 412.

The purpose of federal review is not to re-try the state case. "The [AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. at 694. A federal court must afford due deference to a state court's decision. "AEDPA prevents defendants — and federal courts — from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Renico v. Lett*, 559 U.S. 766, 779 (2010). *See also Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) ("This is a 'difficult to meet,' . . . and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt' . . . .") (citations omitted).

In a *per curiam* decision without a written opinion the state appellate court on direct appeal affirmed Gonzalez's conviction and sentence. (Respondent's Exhibit B4) Similarly, in another *per curiam* decision without a written opinion the state appellate court affirmed the denial of Gonzalez's subsequent Rule 3.850 motion for post-conviction relief. (Respondent's Exhibit C6) The state appellate court's *per curiam* affirmances warrant deference under Section 2254(d)(1) because "the summary

nature of a state court's decision does not lessen the deference that it is due." *Wright v. Moore*, 278 F.3d 1245, 1254 (11th Cir.), *reh'g and reh'g en banc denied*, 278 F.3d 1245 (2002), *cert. denied sub nom Wright v. Crosby*, 538 U.S. 906 (2003). *See also Richter*, 131 S. Ct. at 784–85 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."), and *Bishop v. Warden*, 726 F. 3d 1243, 1255–56 (11th Cir. 2013) (describing the difference between an "opinion" or "analysis" and a "decision" or "ruling" and explaining that deference is accorded the state court's "decision" or "ruling" even if there is no "opinion" or "analysis").

**INEFFECTIVE ASSISTANCE OF COUNSEL**

Gonzalez claims ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (*quoting Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the

> "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Gonzalez must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691–92. To meet this burden, Gonzalez must show "a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

Gonzalez must prove that the state court's decision was "(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Sustaining a claim of ineffective assistance of counsel is very difficult because "[t]he standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Richter*, 131 S. Ct. at 788. *See also Pinholster*, 131 S. Ct. at 1410 (An applicant must overcome this "'doubly deferential' standard of *Strickland* and the AEDPA."), *Johnson v. Sec'y, Dep't of Corr.*, 643 F.3d 907, 911 (11th Cir. 2011) ("Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding."), and *Pooler v. Sec'y, Dep't of Corr.*, 702 F.3d 1252, 1270 (11th Cir. 2012) ("Because we must view Pooler's ineffective counsel claim — which is governed by the deferential *Strickland* test — through the lens of AEDPA deference, the resulting standard of review is "doubly deferential."), *cert. denied*, 134 S. Ct. 191 (2013).

**GROUNDS**

Gonzalez's two grounds for relief challenge the validity of Section 893.101's lack of a *mens rea* requirement as an element of the offense. *State v. Adkins*, 96 So. 3d 412, 423 (Fla. 2012), upholds the constitutionality of the statute. The post-conviction court's applied *Adkins* to reject Gonzalez's claim. (Respondent's Exhibit C4) *Adkins* is consistent with *Shelton v. Sec'y, Dep't of Corr.*, 691 F.3d 1348, 1354–55 (11th Cir. 2012), *cert. denied*, 133 S. Ct. 1856 (2013), which holds that because "Florida's elimination of *mens rea* was only partial" and because the state courts' rejection of a challenge to the statute is neither contrary to nor an unreasonable application of a controlling Supreme Court decision, relief under Section 2254 is improper.

**UNTIMELY GROUND**

In reply (Doc. 8) to the response Gonzalez incorporates by reference his brief on appeal from the denial of post-conviction relief, which brief he attaches to the reply. The brief includes a claim different from the one asserted in the Section 2254 application. The reply incorporates a claim that trial counsel was ineffective for not objecting to a "confusing and misleading jury instruction which failed to offer the jury any guidance on what standard of proof the defendant" must meet for the lack-of-knowledge affirmative defense. This jury instruction challenge is a new claim that must independently comply with the one-year statute of limitation under 28 U.S.C. § 2244(d)(1)(A). *Zack v. Tucker*, 704 F.3d 917 (11th Cir.) (*en banc*), *cert. denied* ___ U.S.

___, 134 S. Ct. 156 (2013) ("[W]e hold that the statute of limitations in AEDPA applies on a claim-by-claim basis in a multiple trigger date case.").

The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a Section 2254 application for the writ of habeas corpus. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, under Section 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Gonzalez's conviction became final on December 31, 2012,[1] and the federal limitation barred his claim one year later absent tolling for a timely post-conviction application in state court. Gonzalez let 148 days elapse before he filed a state Rule 3.850 motion for post-conviction relief on May 28, 2012. Tolling continued until the mandate issued on May 11, 2015. Gonzalez had 217 days remaining (365 – 148 = 217). Gonzalez's federal one-year deadline was December 14, 2015 (May 11, 2015 +

---

[1] Gonzalez's direct appeal concluded on October 21, 2012. The conviction became final after ninety days, the time allowed for petitioning for the writ of *certiorari*. 28 U.S.C. § 2244(d)(1)(A). *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002), and *Jackson v. Sec'y, Dep't Corr.*, 292 F.3d 1347 (11th Cir. 2002).

217 days = December 14, 2015). Because Gonzalez timely filed his federal application on September 21, 2015, the two claims asserted in the application are timely. However, the one-year limitation is not tolled during the pendency of a Section 2254 application. *Duncan v. Walker*, 533 U.S. 167, 182 (2001). Gonzalez's reply, in which he incorporates a new claim, was not filed until January 15, 2016, which is a month beyond the December deadline. Consequently, the new claim asserted in the reply is time-barred.

Accordingly, Gonzalez's petition for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk must enter a judgment against Gonzalez and close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS

Gonzalez is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Section 2253(c)(2) limits the issuing of a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Gonzalez must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because

Gonzalez fails to show that reasonable jurists would debate the merits of the claims, Gonzalez cannot meet *Slack*'s prejudice requirement. 529 U.S. at 484. Finally, Gonzalez is not entitled to appeal *in forma pauperis* because he is not entitled to a certificate of appealability.

Accordingly, a certificate of appealability is **DENIED**. Leave appeal *in forma pauperis* is **DENIED**. Gonzalez must pay the full $455 appellate filing fee without installments unless the circuit court allows Gonzalez to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on February 1, 2016.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE